**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4154**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MAXIME MAIGA,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Paul W. Grimm, District Judge.  (8:13-
cr-00461-PWG-1)

Submitted:  October 27, 2015      Decided:  November 3, 2015

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Bruce A. Johnson, Jr., LAW OFFICE OF BRUCE A. JOHNSON, JR., LLC,
Bowie, Maryland, for Appellant.  Kelly O. Hayes, OFFICE OF THE
UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maxime Maiga pled guilty, pursuant to a plea agreement, to bank fraud, in violation of 18 U.S.C. § 1344 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but suggesting that Maiga's guilty plea was not knowingly and voluntarily entered. Maiga was informed of his right to file a pro se brief but has not done so. The Government has filed a motion to dismiss this appeal on the ground that Maiga knowingly and intelligently waived the right to appeal his convictions and sentence. We grant the motion in part and dismiss the appeal in part. As to those claims beyond the scope of the waiver, we affirm.

We review for plain error whether Maiga's guilty plea was knowing and voluntary because Maiga did not move to withdraw his guilty plea in the district court. United States v. Bradley, 455 F.3d 453, 461–62 (4th Cir. 2006). Under that standard, Maiga must demonstrate that an error occurred that was plain, and it affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even then, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial

proceedings." Id. (internal alteration and quotation marks omitted).

"In order for a guilty plea to be valid, the Constitution imposes the minimum requirement that the plea be the voluntary expression of the defendant's own choice." United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (internal alterations and quotation marks omitted). It "must also be entered knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Id. (internal quotation marks omitted). Ultimately, a guilty plea's validity rests on "the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (internal citation omitted).

Our review of the record confirms that the district court substantially complied with Fed. R. Crim. P. 11 in accepting Maiga's guilty plea. We thus conclude that Maiga's guilty plea is valid in that it was knowingly and voluntarily entered and, consequently, his plea is final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We turn then to whether Maiga validly waived his right to appeal, an issue that we review de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). A defendant may waive his appellate rights, and we "will enforce the waiver if

3

it is valid and the issue appealed is within the scope of the waiver." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

In his plea agreement, Maiga waived the right to appeal his sentence and convictions, reserving only the right to appeal a sentence in excess of a certain Sentencing Guidelines range.[*] A review of the record reveals that the court determined Maiga was competent to plead guilty, had discussed his plea agreement with counsel, entered his guilty plea in the absence of threats or force, and understood the terms of his appeal waiver. Thus, we conclude that Maiga validly waived his right to appeal his sentence and convictions.

Although the waiver provision in the plea agreement forecloses our review of most issues related to Maiga's sentence and convictions, it does not preclude our review of any non-waivable errors that may be revealed by our review pursuant to Anders. See United States v. Johnson, 410 F.3d 137, 151 (4th

---

[*] Because the district court awarded a downward departure and a downward variance from the calculated Guidelines range, this exception to the appeal waiver is not implicated.

4

Cir. 2005) (enumerating issues not waived by appellate waiver). In accordance with Anders, we have reviewed the entire record and have found no unwaived meritorious issues for appeal.

Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Maiga's sentence and convictions as to any issue for which waiver is legally permissible. We therefore deny in part the Government's motion to dismiss and affirm Maiga's sentence and convictions on any ground not encompassed by his knowing and intelligent appellate waiver.

This court requires that counsel inform Maiga, in writing, of his right to petition the Supreme Court of the United States for further review. If Maiga requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maiga. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

5